IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EXIGO CONSTRUCTION SERVICES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 3:22-cv-00102 |
| | § | |
| ONCE DESIGN LLC, HUGO AGUILERA, | § | |
| Individually, and GREG MCDONALD, | § | |
| Individually, | § | |
| | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff EXIGO ARCHITECTS, LLC, and files this Original Complaint against ONCE DESIGN CO., HUGO AGUILERA, Individually, and GREG MCDONALD, Individually, and would show the Court as follows:

## I. PARTIES

1.      Plaintiff EXIGO CONSTRUCTION SERVICES LLC ("Exigo") is a Texas limited liability company with its principal place of business in El Paso County, Texas.

2.      Defendant ONCE DESIGN LLC ("Once Design") is a Georgia limited liability company with its principal place of business in Georgia, and can be served with service of process by serving its registered agent for service of process Hugo Aguilera at 131 Mercer Rd., Savannah, Bryan County, Georgia 31411, or wherever he may be found.

3.      Defendant HUGO AGUILERA ("Aguilera") is an individual who is a citizen of the State of Georgia and can be served with service of process at 131 Mercer Rd., Savannah, Bryan County, Georgia 31411, or wherever he may be found.

4.      Defendant GREG MCDONALD ("McDonald"), and upon information and belief, is an individual resident of the State of Florida.  Plaintiff currently has no known physical address for McDonald, however, and therefore, pursuant to FED. R. CIV. P. 4(e)(1), McDonald can be served by electronic mail pursuant to TEX. R. CIV. P. 106.

## II.  JURISDICTION

5.      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.  VENUE

6.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district in El Paso County, Texas.

## IV.  CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred for Plaintiff to file this Complaint.

## V.  FACTS

8.      Exigo provides multiple construction services for its clients from architectural design to construction management.  Exigo entered into a contract with North Loop Apartments, LLC (the "Owner") to design and build a 68-unit apartment project off of North Loop in El Paso (the "Project").  Each apartment unit required the installation of multiple cabinets.

9.      In the midst of researching cabinet companies to fulfill the required cabinets for the Project, one of Exigo's employees who knew Aguilera personally introduced Aguilera and his company Once Design to Exigo.  Aguilera, in turn, introduced Exigo to McDonald as Vice

President of cabinet manufacturer Clark and Son, Inc. ("Clark and Son") and as part of the Once Design "team".  During multiple meetings in El Paso and teleconferences in May and June 2021, Exigo discussed the cabinet requirements for the Project at length with Aguilera and McDonald. Exigo forwarded the construction drawings for the Project to Aguilera.  During visits to Exigo's office in El Paso, Aguilera hand delivered Clark and Son catalogs to Exigo and presented Exigo with samples of cabinets produced by Clark and Son, which Exigo ultimately chose for the Project. Defendants also provided Exigo with videos regarding the Clark and Son cabinet fabrication process as well as the company's distribution center.  Defendants hoped that such information "would introduce our company and give validity of our quality and commitment to provide the best product and customer service."

10.     Based on the Exigo's meetings with Defendants and Defendants' representations regarding the Clark and Son cabinets, the parties negotiated a price for specific Clark and Son cabinets for the Project (the "Cabinets"), and Exigo entered into a contract with Once Design for those Cabinets on June 16, 2021 (the "Contract").  The Contract, attached hereto as Exhibit 1, contained in Once Design Invoice 405, which was created and sent by Aguilera and Once Design to Exigo, referenced the purchase of specific white and grey cabinets.  The Contract also provided the payments required of Exigo; Exigo was to pay a total of $267,532.00 in three installments: (1) 10% deposit by June 16, 2021; (2) 45% due by September 10, 2021; and (3) the remainder due by December 10, 2021.  Finally, the Contract provided the projected delivery dates based on Exigo's installment payments.  Half of the ordered Cabinets would be delivered in September 2021 after the second installment payment with the remainder of the order to be delivered in December 2021 after Exigo had fully paid for the Cabinets.

11.     By correspondence dated June 15, 2021, Aguilera requested Exigo to wire the

installment payments required by the Contract to his Bank of America account.  Exigo complied and made the following payments pursuant to the parties' Contract and pursuant to Aguilera's instructions: (1) $26,753.00 on June 17, 2021; (2) $120,389.40 on September 14, 2021; and (3) $120,389.40 on December 16, 2021.

12.     On June 18, 2021, Aguilera provided Exigo with elevation reports and specifications for the Cabinets Exigo had ordered.  The elevation reports referenced the Cabinets in Exigo's order as Faircrest cabinets, which are manufactured by Clark and Son.  The elevation reports also provided the dimensions of the various Cabinets for installation in the Project apartment units.

13.     The original project delivery dates were noted in the June 16, 2021 Contract, and Defendants were aware of the projected delivery dates as per the construction schedule for the Project.  However, the parties were also aware that projected delivery dates could change throughout the life of a construction project.  As construction on the Project progressed, the projected dates for installing the Cabinets were delayed due to the Project units not being ready for cabinet installation.  Exigo kept Aguilera and Once Design informed as to the construction status for the Project, and on July 30, 2021, Exigo informed Aguilera that the originally projected delivery dates would likely change, and that Exigo would continue to keep Aguilera informed of any changes in delivery dates for the Cabinets.  On August 26, 2021, Exigo requested an invoice for the second installment payment as per the Contract, and also informed Aguilera and Once Design of minor adjustments needed for eight (8) cabinets.  Such minor adjustments in dimensions are common practice in millwork in order to make custom ordered cabinets fit in construction projects.  Exigo had contacted Aguilera by phone regarding the changes to determine if the changes would be an issue; Aguilera confirmed the changes would not be an issue, but he needed Exigo to

4

send an email with the indicating which cabinets would need to change.  Aguilera and Once Design were aware of and in agreement with the requested customizations, and acknowledged the requested adjustments and projected delivery dates by correspondence dated August 27, 2021 with a copy to McDonald.  Aguilera and Once Design also sent the requested invoice to Exigo for the second installment payment.

14.    After having received Exigo's first two payments pursuant to the Contract, Aguilera contacted Exigo on December 9, 2021 requesting an update on the progress of construction for the Project and an updated date for delivery for the two shipments of Cabinets. Aguilera reminded Exigo the final payment for the Cabinets would still be due on December 10, 2021 as per the Contract, and the Cabinets had been stored for as long as possible given construction delays on the Project.  In the same email communication, Aguilera also informed Exigo that it would soon be integrating a new line of Italian cabinets, and would like to have the opportunity to do *future* projects with Exigo.

15.    Exigo responded to Aguilera's email on December 9, 2021 and provided a status report on the construction delays for the Project, provided tentative delivery schedules, and requested a delay of the last installment payment under the Contract until the remainder of the apartment units were ready for installation of the remaining Cabinets.  Aguilera responded that "we are paying a monthly storage fee, [sic] we would not be able to continue further without receiving payment."  Aguilera also stated "[p]er our contract, we have payment scheduled for this December 10."  Aguilera acknowledged Exigo's predicament regarding construction delays, but stated "we are also doing our best to hold the order."

16.    On December 10, 2021, Exigo agreed to make the final installment payment required by the Contract, and requested Aguilera to send pictures of the Cabinets Exigo had

purchased so that those pictures could be forwarded to the Owner.   On December 10, 2021, Aguilera forwarded Exigo's email request for pictures of the Cabinets to McDonald, and then provided to Exigo three pictures of what Aguilera represented were the Cabinets Exigo had ordered with an address of the warehouse where he represented the Cabinets were being stored.  Aguilera copied McDonald on all of Aguilera's correspondence to Exigo with the pictures of the Cabinets and warehouse address in Florida as well as on the email providing Exigo an invoice for payments under the Contract.  McDonald never contradicted the representations Aguilera made to Exigo regarding the existence of the purchased Cabinets, the pictures represented as Exigo's Cabinets purchased under the Contract, the address of the warehouse where Aguilera claimed Exigo's Cabinets were being stored, and the invoice acknowledging Exigo's three installment payments under the Contract.  Based on the representations made by Aguilera, Once Design, and McDonald, Exigo tendered the final installment payment of $120,389.40 on December 16, 2021.  Exigo also forwarded the pictures provided by Defendants of the claimed Cabinets to the Owner as proof the Cabinets were ready to be shipped and delivered to the Project once the Project units were ready for the Cabinets to be installed.

17.    On December 23, 2021, Exigo contacted Aguilera and requested the first delivery of Exigo's Cabinets by January 17, 2022.  Aguilera responded on December 27, 2021 and stated he needed to coordinate delivery of the Cabinets and would provide Exigo with a specific date of delivery by the end of that week, which would have been December 31, 2021.  Aguilera did not provide delivery information by December 31, 2021.  On January 7, 2022, Exigo had a teleconference with Aguilera to discuss the logistics of the first delivery of Cabinets, and discussed the specific items from Exigo's order of Cabinets that would be needed in that first delivery.  Then, on January 15, 2022, Aguilera and McDonald informed Exigo by phone that there would be some

delays in shipping the Cabinets, but they would coordinate a partial expedited shipment of the Cabinets to Exigo so that Exigo could start installation on the first floor of one of the buildings in the Project.  This was the first mention by Defendants of any delay in delivering the Cabinets.  On January 17, 2022, Exigo emailed Aguilera and McDonald with the specific items in the order of Cabinets needed for the first floor installation as the parties had discussed.  On January 21, 2022, Exigo contacted Aguilera and McDonald requesting a status on the promised expedited partial shipment of Cabinets.  McDonald responded and claimed he had been on conference calls most of the day with "our factory in Italy" and would send a delivery schedule later in the day.  McDonald's reference to a factory in Italy was confusing to Exigo being as Defendants represented to Exigo that its Cabinets were Faircrest cabinets manufactured by Clark and Son.  However, Exigo relied upon Defendants' representations and promises that an expedited partial shipment of the Cabinets Exigo purchased would be made and that Defendants would send the delivery schedule for the remainder of the Cabinets.  Unfortunately, Defendants failed to fulfill their promises to Exigo.

18.     After multiple calls from Exigo requesting the status of the promised delivery of part of the Cabinets and the delivery schedule for the remaining Cabinets, McDonald contacted Exigo on January 24, 2022 and represented the first shipment of Cabinets (for approximately eight (8) units) would now be sent from a warehouse in Dallas, Texas on January 25, 2022 to arrive in El Paso, Texas by Friday, January 28, 2022.  This was the first time McDonald had indicated the Cabinets Exigo had purchased were being stored in Dallas, Texas.   Despite McDonald's representations regarding the expedited delivery of part of the Cabinets, however, Aguilera also contacted Exigo by phone the same day to ask how many and what type of cabinets Exigo needed. The contradicting representations and claims from Aguilera and McDonald worried Exigo as to the actual existence, storage, and ultimate delivery of the Clark and Son Cabinets for which Exigo

had already fully paid.  Therefore, Exigo requested the physical addresses of the claimed warehouses in Dallas and in Florida where Aguilera and McDonald represented the Exigo's purchased Cabinets were being stored.  Instead of providing Exigo with the requested information, Aguilera emailed Exigo on January 25, 2022, apologized for the delayed communication, promised a partial shipment of the Cabinets would be delivered as requested by Exigo, and promised Aguilera and McDonald would communicate with Exigo regarding the logistics of shipping the remaining Cabinets.

19.     On January 29, 2022, after no cabinets had been delivered to Exigo as promised by Aguilera and McDonald, Exigo contacted Aguilera and McDonald by phone and sent an email to summarize the parties' phone call and confirm the parties' agreement that Aguilera would travel to El Paso to ensure receipt of the first shipment of Cabinets on January 31, 2022, with the remainder of the ordered Cabinets to be delivered by the first week of February 2022.  Exigo also restated the parties' agreement from the teleconference that McDonald and Aguilera would send the addresses of where the remaining Cabinets were being stored so that Exigo's representative could travel to the claimed warehouses to confirm that the Cabinets were actually in storage as Aguilera and McDonald had represented.

20.     Instead of providing the warehouse addresses for the Cabinets as promised, McDonald claimed by correspondence dated January 30, 2022 that, after having spoken with his "factory owners and legal team", Exigo would now have to provide "legal documents" and "payments" in order to schedule delivery of the Cabinets, as though the Contract for the Clark and Son Cabinets never existed and as if no payments had been made by Exigo pursuant to the Contract.  McDonald stated he would arrange a meeting in Florida for Exigo's review of the Cabinets after all documents had been received and agreed upon.  McDonald's response was

8

shocking to Exigo given the fact Exigo had paid $267,532.00 pursuant to the Contract and Aguilera's instructions, and given the fact Aguilera and McDonald made multiple representations to Exigo that the Cabinets Exigo had purchased were being stored in warehouses in Florida and Dallas.  Exigo responded by asking what payment or legal information was needed as Exigo had already paid in full for the Cabinets, the parties had agreed the first shipment of Cabinets would be received on January 31, 2022, and the parties had agreed Aguilera would be in El Paso for the receipt of that shipment.

21.     Aguilera ultimately failed to come to El Paso to ensure receipt of the first shipment of Cabinets as promised to Exigo, and instead contacted Exigo on January 31, 2022 claiming he had been in contact with his manufacturer in Italy on how to fulfill Exigo's Cabinet order.  On February 1, 2022, Aguilera forwarded to Exigo an email from Stefano Vellucci of SPAR Italy which McDonald had received and forwarded to Aguilera.  In the forwarded email, entitled "Subject: Rif: Fwd: North Loop II cabinets", Mr. Vellucci informed McDonald, "we are working on the project you sent us final payment 22 dec."  Aguilera informed Exigo that SPAR Italy had received payment in full and would be providing a schedule of delivery as soon as possible.

22.     Exigo responded to Aguilera on February 1, 2022 via email and reminded Aguilera that Exigo had paid for Clark and Son cabinets, which Aguilera and McDonald continually represented as being stored in a supposed warehouse in Florida, and that the Owner had paid Exigo based on the pictures Aguilera and McDonald represented as the Cabinets stored in the supposed warehouse in Florida.  Not only were Aguilera's and McDonald's representations untrue, but now Aguilera and McDonald were offering cabinets that still had to be manufactured, which necessarily meant long lead times and unknown delivery dates in El Paso, as a fix for the missing Clark and Son Cabinets Exigo had already purchased.  Furthermore, Exigo had no way of knowing whether

the color and quality of the cabinets Aguilera and McDonald were now representing as being manufactured in Italy would be identical to the Cabinets already approved by the Owner. Exigo questioned whether the alleged new supplier could deliver or whether such supplier actually existed. Because of these doubts, Exigo demanded reimbursement in full for the money it paid for the Cabinets.

23.     Aguilera contacted Exigo by phone on February 2, 2022 claiming he felt terribly for what had transpired with the Cabinets and pleading with Exigo to work with him to make things right. By email dated February 3, 2022, Exigo acknowledged the phone call and Aguilera's promise to send part of the order of Cabinets within a week as well as Aguilera's request for time to fulfill Exigo's order. Exigo explained it would still seek other suppliers for the required cabinets for the Project based on Defendants' apparent inability to fulfill the Contract. Exigo agreed to allow Defendants one week to deliver cabinets for 12 units, although Exigo stated it still believed the best option was for Defendants to reimburse Exigo in full. Aguilera responded stating Defendants would provide a delivery schedule for the promised 12 units from existing inventory within a few days, and would work out a schedule to fulfill the remainder of the order from SPAR Italy.

24.     Although the February 1, 2022 email forwarded to Exigo from Aguilera and McDonald provided a purported website and phone number for SPAR Italy, Exigo had been unable to reach anyone from the manufacturer in Italy by phone. On February 4, 2022, Exigo sent an email inquiry to SPAR Italy to schedule a teleconference to determine whether Defendants had actually placed an order for the now promised replacement cabinets with SPAR Italy. Then, on February 8, 2022, after not having heard back from Defendants, Exigo (via legal counsel) sent a demand to Aguilera and Once Design to provide a written plan as to how they would fully perform

under the Contract. After receipt of that demand, Defendants sent Exigo a meeting request on February 8, 2022 for a teleconference with Mr. Vellucci scheduled for February 9, 2022.  Exigo responded stating representatives would be available to join the requested teleconference, but also questioned the purpose and expected outcome of the meeting.  Exigo explained that based on previous communications with Defendants, it had been led to believe the Cabinets it had ordered and paid for were in stock and ready to ship.  Exigo demanded the Cabinets in the color, shape, and quality the Owner had approved be delivered as soon as possible.   Defendants stated they would gladly answer any questions, but failed to call in to the scheduled teleconference on February 9, 2022.

25.     On February 10, 2022, McDonald claimed to have been busy on February 9, 2022 and requested Exigo to call either McDonald or Mr. Vellucci.  Exigo called McDonald and participated in a teleconference with McDonald and someone who purported to be Mr. Vellucci. For some reason unknown to Exigo, Aguilera did not participate in the teleconference.  During the teleconference, McDonald promised Cabinets for 12 units would be delivered as soon as possible with the remainder of the cabinets to be manufactured and delivered sometime in April; however, McDonald claimed he would have to work with Aguilera to assembly of the remaining cabinets. Exigo contacted Aguilera after the teleconference still confused by McDonald's representations and the fact Aguilera did not participate in the teleconference.  Exigo maintained its order and payments made pursuant to the Contract were for the already assembled Clark and Son Cabinets Aguilera and McDonald had confirmed as being stored in a Florida warehouse in December 2021. Exigo needed the Cabinets as soon as possible as the Project was ready for the installation of the Cabinets.  Exigo demanded a written plan for Defendants' claimed ability to fulfill Exigo's order with well-founded proof the plan would actually happen.

25.     In the meantime, pursuant to Exigo's Project contract with the Owner, Exigo must meet a construction schedule and achieve substantial completion on the Project by July 1, 2022. If Exigo fails to meet the construction schedule and achieve substantial completion by the contractually negotiated date, Exigo will be responsible for liquidated damages in the amount of $1,000.00 per calendar day past the agreed date of substantial completion.  In order to keep the Project on schedule and not risk incurring liquidated damages, Exigo needed to replace the order of Cabinets.  Exigo contacted Clark and Son to obtain replacement cabinets and inquired with the company to see whether Aguilera, Once Design, or McDonald had placed Exigo's original order of Cabinets.  Clark and Son informed Exigo it never received a purchase order and payment for the Cabinets from Aguilera, Once Design, or McDonald.

26.     Exigo was therefore forced to place another order for the required cabinets for the Project with Clark and Son.  Clark and Son was unable to fulfill the exact order of white and grey cabinets Exigo had negotiated with Once Design and Aguilera, but ultimately Clark and Son could provide the necessary cabinets in all white and at a price higher than what Exigo had negotiated with Defendants.  In order to meet its obligations and construction schedule with the Owner, however, Exigo entered a new contract with Clark and Son for the replacement order of cabinets at the price of $326,209.33 with estimated shipping for an additional $24,000.00.

27.     Exigo has sent multiple demands to Aguilera for the return of all of the money Exigo paid to Aguilera pursuant to the Contract and pursuant to Aguilera's instructions.  Aguilera and Once Design have refused to return Exigo's payment.  Although Exigo is unaware of any compensation agreement between Aguilera and/or Once Design with McDonald, Aguilera and McDonald have represented McDonald as part of the team with Aguilera and Once Design

throughout Contract negotiations for the Cabinets and throughout communications between Exigo and Defendants,

## VI.  COUNT 1 – BREACH OF CONTRACT

28.     Exigo incorporates paragraphs 8-27 by reference.

29.     Exigo entered the Contract with Once Design for the purchase and delivery of Clark and Son cabinets as required for the Project.  The Contract was entered into by the parties in Texas, and Exigo wired three payments from its Texas bank account totaling $267,531.80 as per the terms of the Contract and to the account provided by Aguilera.  Despite numerous promises to do so, neither Once Design nor Aguilera has delivered the Cabinets purchased by Exigo.  Despite Exigo's demand for return of the $267,531.80 it paid for the Cabinets, neither Aguilera nor Once Design has returned such funds.

30.     In order to meet its contractual obligations under the Project contract and to mitigate the risk of having to pay any liquidated damages under the Project contract, Exigo has been forced to purchase replacement cabinets for the Project at the price of $326,209.33 with estimated shipping at an additional $24,000.00.

31.     As a direct result of the breach of contract by Once Design and Aguilera, Exigo has incurred damages in the amount of at least $350,209.33.

32.     As a direct result of the breach of contract by Once Design and Aguilera, Exigo retained the undersigned attorney and seeks reimbursement of its attorneys' fees and costs pursuant to TEX. CIV. PRAC. & REM. CODE §33.001(b)(8).

## VII. COUNT 2 - FRAUD

33.     Exigo incorporates paragraphs 8-27 by reference.

34.     Defendants made multiple material representations to Exigo regarding its order of Clark and Son Cabinets, specifically regarding the Cabinets having been ordered from Clark and Son as negotiated by the parties, that such Cabinets existed and were being stored by Defendants in an alleged warehouse in Florida and awaiting delivery to Exigo, that partial shipment of such Cabinets would be delivered by Defendants from another warehouse in Dallas with delivery by Defendants of the remaining shipment of such Cabinets to Exigo by the first week of February, and that such Cabinets would ultimately have to be manufactured and supplied by a company in Italy unknown to Exigo.  When Defendants made such representations, Defendants knew the representations were false, or Defendants made the representations recklessly, as positive assertions, and without knowledge of the truth of the representations.  Defendants promised to deliver Exigo's order of the Clark and Son Cabinets with no intention of performing such promises. Defendants made the representations to Exigo with the intent that Exigo act on such representations, specifically so that Exigo would make its third and final installment payment of $120,389.40 under the Contract, and so that Exigo would not terminate the Contract.  Defendants had no intention of delivering the Clark and Son Cabinets to Exigo.  Exigo did rely upon Defendants' representations to its detriment, and has suffered damages in the amount of at least $350,209.33.

35.     Furthermore, by not disclosing the facts that Exigo's order of Clark and Son Cabinets had in fact not been placed by Defendants, Defendants wrongfully concealed material information from Exigo when Defendants knew Exigo was ignorant of the facts and did not have an equal opportunity to discover the facts.  When Once Design, Aguilera, or McDonald made representations regarding the existence of the Clark and Son Cabinets, the other Defendants were deliberately silent when they had a duty to inform Exigo as to the actual status of its purchase and

order of Clark and Son Cabinets.  By failing to inform Exigo that its order of Clark and Son Cabinets had never actually been placed with Clark and Son and by holding out the pictures Defendants sent of Exigo's alleged Cabinets in an alleged warehouse as true, Defendants intended Exigo to make its final installment payment under the Contract and so that Exigo would not terminate the Contract.  Exigo in fact relied on Defendants' nondisclosure and made the final installment payment under the Contract.  Exigo has been injured by such nondisclosure by having paid $267,531.80 as per the terms of the Contract as well as having to replace the order of Cabinets at a higher price than originally negotiated under the Contract.  Exigo's damages as a result of Defendants' fraud by nondisclosure is at least $350,209.33.

36.     Defendants worked in concert to make such misrepresentations to Exigo and are therefore jointly and severally liable for Exigo's damages of at least $350,209.33.

37.     Exigo further seeks an award of exemplary damages against Defendants for Defendants' fraud pursuant to TEX. CIV. PRAC, & REM. CODE §41.003(a)(1).

## VIII. COUNT 3 – CIVIL CONSPIRACY

38.     Exigo incorporates paragraphs 8-27 by reference.

39.     Defendants Once Design, Aguilera, and McDonald worked together to make multiple misrepresentations to Exigo in order to fraudulently induce Exigo to make the final installment payment on the Contract.  Defendants represented to Exigo that Exigo had purchased the Clark and Son Cabinets, and that those Cabinets were stored in at least one warehouse and were ready for delivery to El Paso.  Defendants forwarded pictures of the claimed Cabinets, which Exigo in turn forwarded to the Owner of the Project as proof that the claimed Cabinets existed, were in storage, and were ready for delivery to El Paso.  Exigo made the final installment payment under the Contract based on Defendants' representations as well as due to Defendants'

nondisclosure of material and pertinent information regarding the existence and status of Exigo's order of Cabinets.  Exigo has suffered damages in the amount of $350,209.33.

40.     Defendants worked in concert to make such misrepresentations to Exigo and are therefore jointly and severally liable for Exigo's damages of $350,209.33.

41.     Exigo further seeks an award of exemplary damages against Defendants for Defendants' fraud pursuant to TEX. CIV. PRAC, & REM. CODE §41.003(a)(1).

<strong>PRAYER</strong>

For these reasons, Plaintiff Exigo asks for judgment against Defendants jointly and severally for the following:

a.     Actual damages of $350,209.33.

b.     Prejudgment and postjudgment interest.

c.     Reasonable and necessary attorneys' fees.

d.     Costs of court.

e.     Exemplary damages.

f.     And such further and other relief the Court deems appropriate.

Respectfully submitted,

AINSA HUTSON HESTER & CREWS LLP
5809 Acacia Circle
El Paso, Texas 79912
915/845-5300; 915/845-7800 - Fax

 /s/  Chantel Crews_____
CHANTEL CREWS
State Bar No. 24007050
ccrews@acaciapark.com
**ATTORNEY FOR PLAINTIFF**
**EXIGO CONSTRUCTION SERVICES LLC**